

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 7, 1972

Hon. Bevington Reed
Commissioner
Coordinating Board
Texas College & University System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. M- 1040

Re:   Whether a simple majority
or a two-thirds majority
vote of the Coordinating
Board is required for
approval of a School of
Veterinary and Zoologi-
cal Medicine within the
Texas Tech University
School of Medicine,
pursuant to Section 13
of Article 2919e-2, Ver-
non's Civil Statutes.

Dear Dr. Reed:

        Your recent letter requesting the opinion of this
office concerning the referenced matter states as follows:

        "In Opinion M-757, dated December 22, 1970,
the Attorney General held that 'The Coordinating
Board of the Texas College and University System,
pursuant to Article 2919e-2, Vernon's Civil Stat-
utes, may alter the role and scope of the Texas
Tech University Medical School, and thereby order
the initiation of a degree program in veterinary
medicine within that School.'

        "Now the question arises whether the Coor-
dinating Board in approving a School of Veterinary
and Zoological Medicine which will offer a program
in veterinary medicine within the Texas Tech Uni-
versity School of Medicine may do so by a simple
majority of a Coordinating Board quorum, present
and voting, or whether such action requires a

-5089-

two-thirds (2/3) majority of the Coordinating Board as provided in Article 2919e-2, Section 13, Vernon's Texas Civil Statutes, relating to recommendation of an additional institution?"

Section 13 of Article 2919e-2, Vernon's Civil Statutes, which is the Higher Education Coordinating Act of 1965 (hereinafter referred to as the "Act"), provides as follows:

"No funds appropriated to any institution of higher education shall be expended for any program which has been disapproved by the Board, unless said program is subsequently specifically approved by the Legislature. No new department, school or degree or certificate program approved by the Board or its predecessor, the Texas Commission of Higher Education, shall be initiated by any institution of higher education after the effective date of this Act until the Board shall make a written finding that the department, school or degree or certificate program is adequately financed by legislative appropriation, by funds allocated by the Board, and/or by funds from other sources. Any proposed statute which would establish an additional institution of higher education except a public junior college shall be submitted, either prior to introduction or by the standing committee considering same, to the Board for its opinion as to need of the State therefor, and the Board shall report its findings to the Governor and the Legislature, provided that a recommendation that an additional institution is needed shall require the favorable vote of at least two-thirds (2/3) of the members of the Board. But a recommendation of the Board shall not be considered to the introduction or passage of any proposed statute." (Emphasis added.)

We have been apprised of the fact that the Texas Tech University School of Medicine made application to the Coordinating Board for a new degree program in veterinary medicine pursuant to the provisions of Section 10 of the Act. We have also been apprised of the fact that neither the School of Medicine nor Texas Tech University have asked for, or proposed, a statute which would establish a new and separate institution of higher education.

In view of the foregoing, you are advised that the portion of Section 13 relating to a two-thirds majority vote requirement applies only in the situation where a new and separate institution of higher education is proposed, and, therefore, has no application to the internal organization of degree programs, schools, and departments within an existing institution of higher education.

Accordingly, the School of Veterinary and Zoological Medicine at Texas Tech University School of Medicine may be approved by the Coordinating Board by a simple majority of a Board quorum, present and voting.

## S U M M A R Y

The two-thirds majority vote requirement of Section 13 of Article 2919e-2, Vernon's Civil Statutes, is applicable only where a new and separate institution of higher education is proposed, and has no application to the internal organization of degree programs, schools, and departments within an existing institution of higher education.

The School of Veterinary and Zoological Medicine at Texas Tech University School of Medicine may be approved by the Coordinating Board by a simple majority of a Board quorum, present and voting.

The gravaman of your request is whether the proposed School of Veterinary and Zoological Medicine, to be operated within and as a part of the Texas Tech University School of Medicine, is an "additional institution of higher education" within the scope of Section 13's requirement for a two-thirds voting majority.

Section 2(g) of the Act defines the term "institution of higher education" to mean "any public junior college, public senior college or university, medical or dental unit or other agency of higher education.  . . ." (Emphasis added.) Section 2(e) of the Act defined "medical and dental unit" as a medical or dental school as may be established by statute or as provided in the Act.  The Texas Tech University Medical School was established by statute in 1969 (Article 2632i, Vernon's Civil Statutes).

Attorney General's Opinion No. M-757 (1970) held that the Coordinating Board could alter the traditional role and scope of the Texas Tech University Medical School and order the initiation of a degree program in veterinary medicine.

Section 10 of the Act gives the Coordinating Board very broad powers to classify, and prescribe the role for and scope of, each public institution of higher education in Texas; that Section also gives the Board the power to order the initiation, consolidation or elimination of degree programs at institutions of higher education.  It should be noted that nowhere in Section 10 is there a two-thirds majority vote requirement concerning any of the Board's actions taken pursuant to the powers given it by that Section.

It is thus apparent that the portion of Section 13 underscored, supra, applies only to proposed statutory creations of new and separate institutions of higher education. Consequently, the two-thirds majority vote requirement of Section 13 has no application to the exercise of the Board's duties as set forth in Section 10.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ivan Williams
James Maxwell
Ray McGregor
Harriet Burke

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant